MICHAEL FAILLACE & ASSOCIATES, P.C.
Gennadiy Naydenskiy, Esq.
Michael A. Faillace, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------X

ARTURO MONTALVO GARCIA,
*individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

FLAMING GRILL NJ INC. (D/B/A FLAMING GRILL & BUFFET), FLAMING GRILL WEST INC. (D/B/A FLAMING GRILL & BUFFET), FLAMING GRILL UNION INC. (D/B/A FLAMING GRILL & BUFFET), BING XIAO, MEIRU CHEN, and BIYU LI,

*Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Arturo Montalvo Garcia ("Plaintiff Montalvo" or "Mr. Montalvo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Flaming Grill NJ Inc. (d/b/a Flaming Grill & Buffet), Flaming Grill West Inc. (d/b/a Flaming Grill & Buffet), Flaming Grill Union Inc. (d/b/a Flaming Grill & Buffet) ("Defendant Corporations"), Bing Xiao, Meiru Chen, and Biyu Li ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Montalvo is a former employee of Defendants Flaming Grill NJ Inc. (d/b/a Flaming Grill & Buffet), Flaming Grill West Inc. (d/b/a Flaming Grill & Buffet), Flaming Grill Union Inc. (d/b/ Flaming Grill & Buffet), Bing Xiao, Meiru Chen, and Biyu Li.

2. Defendants own, operate, or control an Asian restaurant, located at 1701 W Edgar Rd B, Linden, NJ 07036 under the name "Flaming Grill & Buffet."

3. Upon information and belief, individual Defendants Bing Xiao, Meiru Chen, and Biyu Li, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Montalvo was an employee of Defendants.

5. Plaintiff Montalvo was employed as a food preparer and dishwasher at the restaurant located at 1701 W Edgar Rd B, Linden, NJ 07036.

6. At all times relevant to this Complaint, Plaintiff Montalvo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Montalvo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Montalvo to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Montalvo and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Montalvo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Montalvo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Montalvo's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Asian restaurant located in this district. Further, Plaintiff Montalvo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Arturo Montalvo Garcia ("Plaintiff Montalvo" or "Mr. Montalvo") is an adult individual residing in New York County, New York.

15. Plaintiff Montalvo was employed by Defendants at Flaming Grill and Buffet from approximately August 21, 2017 until on or about June 23, 2019.

16. Plaintiff Montalvo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled an Asian restaurant, located at 1701 W Edgar Rd B, Linden, NJ 07036 under the name "Flaming Grill & Buffet."

18. Upon information and belief, Flaming Grill NJ Inc. (d/b/a Flaming Grill & Buffet) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 1701 W Edgar Rd B, Linden, NJ 07036.

19. Upon information and belief, Flaming Grill West Inc. (d/b/a Flaming Grill & Buffet) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 1701 W Edgar Rd B, Linden, NJ 07036.

20. Upon information and belief, Flaming Grill Union Inc. (d/b/a Flaming Grill & Buffet) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 1701 W Edgar Rd B, Linden, NJ 07036.

21. Defendant Bing Xiao is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bing Xiao is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation Flaming Grill NJ Inc.

Defendant Bing Xiao possesses operational control over Defendant Corporation Flaming Grill NJ Inc., an ownership interest in Defendant Corporation Flaming Grill NJ Inc., and controls significant functions of Defendant Corporation Flaming Grill NJ Inc. He determines the wages and compensation of the employees of Defendants, including Plaintiff Montalvo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Meiru Chen is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Meiru Chen is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation Flaming Grill West Inc. Defendant Meiru Chen possesses operational control over Defendant Corporation Flaming Grill West Inc., an ownership interest in Defendant Corporation Flaming Grill West Inc., and controls significant functions of Defendant Corporation Flaming Grill West Inc. He determines the wages and compensation of the employees of Defendants, including Plaintiff Montalvo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Biyu Li is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Biyu Li is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation Flaming Grill Union Inc. Defendant Biyu Li possesses operational control over Defendant Corporation Flaming Grill Union Inc, an ownership interest in Defendant Corporation Flaming Grill Union Inc., and controls significant functions of Defendant Corporation Flaming Grill Union Inc. He determines the wages and compensation of the employees of Defendants, including Plaintiff Montalvo, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate an Asian restaurant located in Linden, New Jersey.

25. Individual Defendants, Bing Xiao, Meiru Chen, and Biyu Li, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Montalvo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Montalvo, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Montalvo (and all similarly situated employees) and are Plaintiff Montalvo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

29. In the alternative, Defendants constitute a single employer of Plaintiff Montalvo and/or similarly situated individuals.

30. Upon information and belief, Individual Defendants Bing Xiao, Meiru Chen, and Biyu Li operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31.  At all relevant times, Defendants were Plaintiff Montalvo's employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Montalvo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Montalvo's services.

32.  In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

34. Plaintiff Montalvo is a former employee of Defendants who was employed as a food preparer and dishwasher.

35. Plaintiff Montalvo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arturo Montalvo Garcia*

36. Plaintiff Montalvo was employed by Defendants from approximately August 21, 2017 until on or about June 23, 2019.

37. Defendants employed Plaintiff Montalvo as a food preparer and dishwasher.

38. Plaintiff Montalvo regularly handled goods in interstate commerce, such as cleaning supplies produced outside the State of New Jersey.

39. Plaintiff Montalvo's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Montalvo regularly worked in excess of 40 hours per week.

41. From approximately August 21, 2017 until on or about June 23, 2019, Plaintiff Montalvo worked from approximately 10:00 a.m. until on or about 10:00 p.m. or 10:30 p.m., Tuesdays, Wednesdays, Thursdays, and Sundays and from approximately 11:00 a.m. until on or about 11:00 p.m. or 11:30 p.m., Fridays and Saturdays (typically 72 to 75 hours per week).

42. Throughout his employment, Defendants paid Plaintiff Montalvo his wages in cash.

43. From approximately August 21, 2017 until on or about June 23, 2019, Defendants paid Plaintiff Montalvo a fixed salary of $1,800 per month.

44. Plaintiff Montalvo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45. For example, Defendants required Plaintiff Montalvo to work an additional 30 minutes past his scheduled departure time regularly, and did not pay him for the additional time he worked.

46. Plaintiff Montalvo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Montalvo regarding overtime and wages under the FLSA.

48. Further, Defendants did not provide Plaintiff Montalvo with any document or any statement accurately accounting for all of his actual hours worked or setting forth the rate of pay for all of his hours worked.

*Defendants' General Employment Practices*

49. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Montalvo (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

50. Plaintiff Montalvo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New Jersey Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

51. Defendants' pay practices resulted in Plaintiff Montalvo not receiving payment for all his hours worked, and resulted in Plaintiff Montalvo's effective rate of pay falling below the required minimum wage rate.

52. Defendants habitually required Plaintiff Montalvo to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

53. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

54. Plaintiff Montalvo was paid his wages in cash.

55. Defendants failed to provide Plaintiff Montalvo with any document or other statement that accurately accounted for Plaintiff Montalvo's actual hours worked, and set forth by day any deductions or credits taken against his wages.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Montalvo (and similarly situated individuals) worked, and to avoid paying Plaintiff Montalvo properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Montalvo and other similarly situated former workers.

**FLSA COLLECTIVE ACTION CLAIMS**

60. Plaintiff Montalvo brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61. At all relevant times, Plaintiff Montalvo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

62. The claims of Plaintiff Montalvo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

63. Plaintiff Montalvo repeats and realleges all paragraphs above as though fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiff Montalvo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Montalvo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

65. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

67. Defendants failed to pay Plaintiff Montalvo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

68. Defendants' failure to pay Plaintiff Montalvo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Montalvo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

70. Plaintiff Montalvo repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Montalvo's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Montalvo (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

74. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Montalvo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75. Defendants' failure to pay Plaintiff Montalvo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Montalvo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Montalvo respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Montalvo and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Montalvo and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Montalvo's and the

FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Montalvo and the FLSA Class members;

(f) Awarding Plaintiff Montalvo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Montalvo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Awarding Plaintiff Montalvo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(i) Awarding Plaintiff Montalvo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(j) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Montalvo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 13, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Gennadiy Naydenskiy
Gennadiy Naydenskiy, Esq. [GN 5601]
/s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Attorneys for Plaintiff

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 23, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:     Arturo Montalvo Garcia

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:     [signature]

Date / Fecha:     23 de Julio 2019